Henderson, Judge,
 

 delivered the opinion of the Court :
 

 It does not distinctly appear whether the Plaintiff indorsed the note, in virtue of a mutual understanding with the Defendant, to become bound or lend their names for the accommodation of Williams; or whether after the note was made by Williams, and indorsed by the Defendant for Williams’s accommodation, the Plaintiff, without any previous agreement with the Defendant to that effect, to give the note additional credit for the accommodation of Williams, also indorsed it. In the case first put, I think the evidence was to be left to a Jury of a mutual agreement to stand as joint securities, and there is certainly nothing in the form of the writing which for
 
 *315
 
 bids -the Defendant from shewing the special agreement, and on what consideration the parties respectively signed their names, or agreed to become bound. I therefore think the presiding Judge was wrong in requiring a special agreement of mutual liability to be proven iti words. The Jury should have been instructed, that in law a mutual liability arose from a mutual agreement to become bound for accommodation, unexplained or uncontradicted by other circumstances.
 
 M
 
 the case be as put in the latter part of the foregoing statement, authorities may be found to shew that a joint liability does not arise, which is as far as the cases relied on by the Plaintiff’s counsel
 
 go
 
 —(Chitty
 
 on Bills, 155, 357,
 
 160—7
 
 Johns. R.
 
 361—5 C
 
 ranch
 
 49, 142)—from which I am strongly inclined to believe, that the foregoing opinion is supported by authority, at least is not contradicted. Wc wore without the aid of an argument for the Defendant, and although strongly inclined for the Plaintiff, if the case he as last stated, do not wish to express an opinion on it. But as from the statement it is doubtful how the facts are, and if as first stated, we think the law has not been administered, the judgment of the Court is, that there must be a new trial.